UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ENTERPRISE FLEET MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:18-cv-00215-AGF |
| WALTER BRYAN GUINN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the cross motions (ECF Nos. 31 & 53) of non-party Mike Albert Leasing, Inc. d/b/a Mike Albert Fleet Solutions ("MAFS") and Plaintiff Enterprise Fleet Management, Inc. ("Enterprise") for orders related to a discovery dispute. For the reasons set forth below, both motions will be granted in part and denied in part.

## BACKGROUND

This action arises out of a dispute between Enterprise and its former employee, Defendant Walter Bryan Guinn, regarding Guinn's alleged violation of a non-solicitation and non-disclosure agreement with Enterprise, and misappropriation of Enterprise's trade secrets. Enterprise alleged that, shortly before and after resigning from his position as an account executive at Enterprise, Guinn improperly accessed and emailed to his personal email address confidential, competitively valuable, and trade secret information of Enterprise, and that Guinn thereafter joined MAFS, Enterprise's direct competitor, in a position in which he could make use of Enterprise's confidential information to the detriment of Enterprise. The Court granted in part Enterprise's motion for a temporary restraining order ("TRO") on February 15, 2018,

and set a preliminary injunction hearing for March 1, 2018. The parties thereafter agreed to continue the hearing and to extend the date of the TRO.

On February 17, 2018, Enterprise issued subpoenas to MAFS for documents and for a corporation deposition to take place on March 27, 2018. Enterprise and Guinn also jointly proposed, and the Court accepted, a schedule for expedited discovery for the preliminary injunction hearing, which required production of Guinn's "digital devices" for inspection and copying to a forensic examiner of the parties' choosing by February 20, 2018. Among the digital devices Guinn produced to the forensic examiner on February 20 was a Microsoft Surface Pro Tablet ("Surface") owned by MAFS that Guinn used as an MAFS employee.

On February 28, 2018, MAFS entered an appearance and filed the current motion for a protective order compelling the return of the Surface. MAFS states that it did not know about or consent to Guinn's production of the Surface, and that the Surface contains confidential, proprietary, and trade secret information of MAFS. In their current motions, MAFS and Enterprise agree that MAFS terminated Guinn's employment on February 27, 2018, and that the third-party forensic examiner returned the Surface to MAFS's counsel on February 28, 2018, but the forensic examiner retained a searchable electronic image of the Surface's contents ("Surface Image"). The MAFS deposition originally scheduled for March 27, 2018, was either canceled or postponed (the parties dispute which) while MAFS and Enterprise attempted to resolve their discovery dispute. Additionally, at the joint request of Enterprise and Guinn, who represented that they needed additional time to discuss the terms of a potential settlement of this case, the Court continued the preliminary injunction hearing three times, most recently until May 25, 2018. Pursuant to their agreement, Enterprise, MAFS, and the forensic examiner have

not accessed or searched the Surface and Surface Image while the current motions have been pending.

## ARGUMENTS OF THE PARTIES

MAFS contends that, while it did not consent to the production of the Surface by Guinn or the creation of the Surface Image, "[i]n the interest of terminating the need for [its] continued participation in this litigation," it performed its own search of its "technology infrastructure," including (1) its file share network, (2) all emails that existed in Guinn's Microsoft Outlook Exchange mailbox at MAFS, and (3) all lead, account, or contact records created by Guinn in MAFS's "SalesForce" system, to determine whether Enterprise's information existed on MAFS's systems. The search did not include the Surface or Surface Image. MAFS performed this search after filing its motion for a protective order, and in connection with its attempts to settle with Enterprise all issues raised in its motion.

MAFS states that it utilized a search protocol agreed to by Enterprise. MAFS contends that because the search protocol included overbroad search terms at Enterprise's insistence, approximately 86% of the search results were documents that were irrelevant to Enterprise's lawsuit and that many of these irrelevant documents in fact contained MAFS's confidential information.

Nevertheless, MAFS did identify certain documents on its system derived from Enterprise by Guinn, and MAFS returned these documents to Enterprise. MAFS also suggested to Enterprise that MAFS could destroy all copies of documents identified as obtained from Enterprise so that no Enterprise document would remain on MAFS's system. MAFS states that it "further investigated with its employees whether Guinn had shared any Enterprise ESI with individuals employed by [MAFS] in the position of sales representative." ECF No. 49 at 3.

Based upon these searches and inquiries, MAFS confirmed by affidavit to Enterprise dated March 15, 2018, that it had no knowledge or information indicating that Guinn shared any Enterprise ESI on MAFS's technology infrastructure. MAFS maintains that it expended considerable efforts and more than $40,000 in costs and attorney's fees to conduct these searches.

MAFS argues that Enterprise's demand for a search of the Surface Image by the forensic examiner is duplicative and unduly burdensome. MAFS maintains that, based on its correspondence with Guinn's counsel and based on Enterprise's repeated motions to continue the preliminary injunction hearing, it appears that Enterprise has likely settled its claims with Guinn such that there is no need for Enterprise to pursue further discovery from MAFS. MAFS asks that the Surface Image be destroyed and that MAFS be permitted to permanently delete all information on the Surface itself. MAFS also asks for an award of attorneys' fees incurred in filing its reply brief, as MAFS contends that Enterprise should have withdrawn its opposition to MAFS's motion after MAFS conducted the searches described above and produced all relevant documents to Enterprise.

Enterprise has filed a cross motion for a protective order to prohibit MAFS from deleting any ESI relevant to this litigation, to compel MAFS to participate in a deposition, and to compel a search of the Surface Image. In its briefs in support of its motion and in opposition to MAFS's motion, Enterprise argues that it has not settled its claims with Guinn, and that any settlement is contingent upon completing discovery with MAFS because Enterprise must confirm that MAFS is no longer in possession of Enterprise's confidential information.

Enterprise contends that counsel for Enterprise and MAFS reached an agreement regarding a search protocol for the data set discussed above that MAFS's counsel had collected

from its technology infrastructure ("Document Set"), as well as a separate search protocol for the Surface Image. According to Enterprise, the agreement was that MAFS's counsel would search the Document Set using a short list of search terms (less than 100) based primarily on the titles and subject lines of the confidential information Guinn emailed himself shortly before and after his resignation. Then, the forensic examiner would search the Surface Image with a longer list of search terms (more than 600) that Enterprise shared on an Attorneys' Eyes Only ("AEO") basis because it included the identities of Enterprise's current and prospective clients. MAFS's counsel would have three days to object to any search terms on the AEO list, and the forensic examiner would search the Surface Image and produce a list of responsive documents to MAFS's counsel for its review to ensure that MAFS's confidential information would not be produced to Enterprise.

Enterprise argues that MAFS chose not to comply with the agreed protocol and instead searched the Document Set using the longer AEO list designed for the Surface Image, and is now objecting to any search of the Surface Image. Enterprise contends that a search of the Surface Image would not be duplicative of the search MAFS has already conducted because, for example, Guinn may have used the Surface to access his personal email address and downloaded Enterprise's confidential information to the hard drive of the Surface, or used the confidential information to create and share a new document on the Surface.

Enterprise maintains that MAFS agreed to the search protocol and did not object to the AEO search terms as overbroad, but if MAFS had raised such an objection, Enterprise would have attempted to narrow the search terms. Enterprise further suggests that "[i]n order to avoid any duplication of MAFS' prior efforts in reviewing [the Document Set], MAFS could provide

the third party forensic examiner with a list of the documents previously reviewed, and the forensic examiner could eliminate those from the document list." ECF No. 63 at 10.

Enterprise argues that, particularly in light of the fact that MAFS has located Enterprise's confidential information on MAFS systems, the Surface Image must be searched so that Enterprise knows the full extent of the use and disclosure of Enterprise's confidential information. Enterprise thus asks that Court to issue an order prohibiting the destruction of relevant ESI in MAFS's possession, custody, and control; compelling a search of the Surface Image by the forensic examiner using the agreed-upon AEO search terms and the search protocol; and compelling MAFS to participate in a deposition. Enterprise also opposes MAFS's request for attorneys' fees.

In response to Enterprise's arguments, MAFS argues that an order prohibiting the destruction of relevant ESI in MAFS's possession, custody, and control is unnecessary because MAFS has not destroyed any ESI. MAFS also contends that a deposition is improper because the March 27, 2018 deposition was canceled and because Enterprise has not established a need for a deposition, in light of MAFS's verification by affidavit that it has no indication that Guinn shared any confidential information of Enterprise with MAFS employees. Finally, MAFS reiterates that compelling a search of the Surface Image would be unduly burdensome and disproportionate to the needs of the case because it would be duplicative of the search MAFS already conducted.

## **DISCUSSION**

The Court has carefully considered the parties' arguments in light of the proportionality concerns set forth in Federal Rule of Civil Procedure 26, as well as the protections for non-parties subject to a subpoena set forth in Rule 45. Upon review of the relevant affidavits and

the parties' correspondence, attached as exhibits to their briefs, it does appear that the parties reached an agreement regarding the search protocol with respect to the Surface Image by the forensic examiner. *See, e.g.*, ECF No. 66-7 at 4-5 (MAFS's counsel's March 23, 2018 email to Enterprise's counsel stating that, after review of the updated search protocol and AEO search term list, MAFS was "agreeable to commencing searches under these terms, provided however, that the list of documents from [the forensic examiner] must be specific enough to permit counsel for [MAFS] to determine the location, size, origin, and other identifying details of each search result document"), *and id.* at 2 (Enterprise's counsel's response stating that it was "ok with the protocol outlined below").

It is not clear to the Court why MAFS searched the Document Set using the longer AEO search term list, but in any event, the Court finds, for the reasons stated by Enterprise, that a search of the Surface Image would not be duplicative of MAFS's search of the Document Set. Therefore, the Court will grant Enterprise's motion to the extent it requests that the forensic examiner be permitted to search the Surface Image pursuant to the parties' agreed protocol, subject to the conditions set forth below.

Although the Court will grant Enterprise's motion in part, the Court also considers MAFS's status as a non-party, the significant costs it has expended to date, and the diminishing "irreparable harm" to Enterprise now that Guinn has been terminated from MAFS and appears to be fully cooperating in this thrice-prolonged litigation. In light of these concerns, the Court will order that (1) the parties shall promptly meet and confer to narrow the AEO search terms to only those most relevant to the litigation, and shall attempt to reach agreement on a procedure to avoid duplication of MAFS's prior search; (2) the forensic examiner's search of the Surface Image must be done at Enterprise's cost; and (3) following the search for and return of relevant

documents to Enterprise pursuant to the parties' agreed protocol as modified above, MAFS may seek leave to destroy the Surface Image and to permanently delete all information on the Surface.

The Court will otherwise deny the parties' motions, including MAFS's request for attorneys' fees and Enterprise's request to depose MAFS, subject to Enterprise showing, by way of motion and supporting memorandum, that after the extensive document production permitted thus far, a deposition is still warranted under the Federal Rules of Civil Procedure.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the parties' cross motions for protective order are **GRANTED in part and DENIED in part**, as set forth above. ECF Nos. 31 & 53.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2018.